IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

JEFF SMITH, on behalf of himself and )
all others similarly situated, )
                                    )
                Plaintiff, )
                                    )
vs.                                 )      Case No. CIV-15-451-D
                                    )
NATIONAL ENTERPRISE SYSTEMS, )
INC.,                               )
                                    )
                Defendant. )

# O R D E R

Before the Court is Defendant National Enterprise Systems, Inc.'s Motion for Judgment on the Pleadings [Doc. No. 29], filed pursuant to Fed. R. Civ. P. 12(c). Defendant moves for a judgment in its favor on all claims asserted in the First Amended Complaint, on the ground that Plaintiff's factual allegations fail to state a plausible claim under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* Plaintiff has filed a response [Doc. No. 34] in opposition to the Motion, and Defendant has replied [Doc. No. 35]. Thus, the Motion is fully briefed and at issue.

### Standard of Decision

Motions under Rule 12(c) and Rule 12(b)(6) are governed by the same standard. *See Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012); *Aspenwood Inv. Co. v. Martinez*, 355 F.3d 1256, 1259 (10th Cir. 2004). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "We accept all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleading in favor of the same." *Colony*, 698 F.3d at 1228 (internal quotation omitted); *see also Sprint Nextel Corp. v. Middle Man, Inc.*, 822 F.3d 524, 530 (10th Cir. 2016); *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1141 (10th Cir. 2012). Limited materials outside the pleadings may be considered. *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997); *see also Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1144 (10th Cir. 2013); *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010. Viewing the factual allegations in this manner and considering only these materials, a Rule 12(c) motion should be granted if "the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Colony*, 698 F.3d at 1228 (internal quotation omitted); *Sprint*, 822 F.3d at 530; *Sanders*, 689 F.3d at 1141.

### Plaintiff's Allegations [1]

Defendant is engaged in the business of collecting debts and is a "debt collector" as defined by the FDCPA. *See* 15 U.S.C. § 1692a(6). Plaintiff is a "consumer" who had

---

[1] Pursuant to the standard of decision, the factual allegations of the First Amended Complaint are accepted as true. Factual matters argued in Plaintiff's brief that are not included in his pleading or the attached exhibits are disregarded.

previously incurred a student loan debt.  *See id*. § 1692a(3).  He received a series of form letters from Defendant beginning with one dated April 30, 2014, regarding his debt to Sallie Mae, Inc. in the amount of $4,517.65.  The letters are attached to the First Amended Complaint, and the parties agree they may properly be considered in determining the sufficiency of Plaintiff's pleading.  Plaintiff claims three of these letters, which offered to settle the debt by accepting a lesser amount, contained false, deceptive, or misleading statements in violation of § 1692e.  *See* First Am. Compl. ¶¶ 77-80.  Plaintiff also claims statements in the letters that he could save money by accepting a settlement offer – "without informing [him] that such settlement would result in additional tax liability" – constituted unfair or unconscionable conduct in violation of § 1692f.  *Id*. ¶ 83.  Although the letters invited Plaintiff to call or contact Defendant to discuss the debt, he did not do so; his claims hinge entirely on the content of the letters.  Thus, they are described in detail in the discussion *infra*.  Plaintiff seeks to recover actual and statutory damages, interest, attorney fees, and costs.[2]  *See* 15 U.S.C. § 1692k.

## Discussion

### A.    Violation of § 1692e - Use of False, Deceptive, or Misleading Representation

Plaintiff claims Defendant violated § 1692e by using a "false, deceptive, or misleading representation or means" to collect a debt due to certain statements in Defendant's collection letters or the timing of them.

---

[2] Plaintiff makes similar allegations on behalf of a proposed class of Oklahoma consumers who also received Defendant's form letters, but to date, no motion for class certification has been filed.

### 1. Amount Saved by Accepting Settlement Offers

Defendant sent three letters to Plaintiff that were identical except for dates and dollar amounts. Each contained a prominently displayed box that stated an outstanding balance owed on the debt, a lesser amount Defendant would accept as payment, and the difference between these two amounts denominated as the "Amount You Save." For example, the first letter dated April 30, 2014, contained this legend:

| | |
|---|---|
| OUTSTANDING BALANCE AS OF TODAY FOR YOUR ACCOUNT NUMBER: xxxxxxxxxx4391 | $4,517.65 |
| WE WILL ACCEPT THIS REDUCED AMOUNT | $1,395.21 |
| AMOUNT YOU SAVE: | $3,122.44 |

First Am. Compl., Ex. A [Doc. No. 27-1]. In two subsequent letters dated June 20, 2014, and July 2, 2014 (referred to, respectively, as the third and fifth letters), the amount Defendant would accept remained the same but the outstanding balance and the amount of savings increased.[3] The body of each letter encouraged Plaintiff to pay the reduced amount to settle the account "at a tremendous savings," and promised Defendant would "waive your remaining debt, saving you a significant amount of money." *Id.*

---

[3] The third letter stated an outstanding balance of $4,556.59 and savings of $3,161.38, and the fifth letter stated an outstanding balance of $4,565.84 and savings of $3,170.63. *See id.* Ex. C [Doc. No. 27-3] & Ex. E [Doc. No. 27-5].

Plaintiff claims Defendant misrepresented the amount of savings to be realized from the proposed settlement because the forgiven debt would be considered taxable income under federal tax law. *See* 26 U.S.C. § 61(a)(12) (defining gross income to include "[i]ncome from discharge of indebtedness"); *id*. § 108 (containing specific provisions for discharges of indebtedness). According to Plaintiff, the true amount that he would have saved by accepting a settlement offer stated in the first, third and fifth letters was less than the amounts stated as the "Amount You Save" in the letters "because this amount would be offset by the income tax Plaintiff would owe" on the discharged debt. *See* First Am. Compl. [Doc. No. 27], ¶¶ 22, 37, 52. Plaintiff contends each statement regarding the amount saved "is a false statement by Defendant which misleads the reader into believing the offer is better than it really is." *See* Pl.'s Resp. Br. [Doc. No. 34] at 15. Thus, Plaintiff claims "Defendant violated 15 U.S.C. § 1692e by stating in the First, Third, and Fifth Letter[s] that Plaintiff would save more money by entering into a settlement agreement with Defendant than he actually would save." *See* First Am. Comp. [Doc. No. 27], ¶ 77.

The question presented is whether Defendant's statement that Plaintiff would save a certain amount of money by accepting its settlement offer – representing an "Amount You Save" as the difference between the amount due on the account and the reduced amount Defendant would accept as full payment of Plaintiff's debt – is false, deceptive, or misleading due to income tax consequences of a discharge of indebtedness. Plaintiff urges the Court to find a violation of § 1692e by applying an objective "least sophisticated consumer" standard that has been adopted to serve FDCPA's remedial purpose to protect

consumers. *See* Pl.'s Resp. Br. [Doc. No. 34] at 11-12, 14-15.[4] Plaintiff argues that prior cases finding no FDCPA violation from a failure to disclose income tax consequences are distinguishable or wrongly decided. *Id.* at 17-20. Plaintiff contends a debt collector's statement "'is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate'" or "if the statement is subject to an interpretation or contains an implication with the capacity to deceive." *Id.* at 19 (quoting *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996), and citing other cases).[5]

The overwhelming majority of federal courts, and the only appellate court to reach the issue, have rejected Plaintiff's position that a failure to alert a consumer to possible tax liability from forgiven debt renders representations regarding the amount to be saved or discounted in settlement of a debt, deceptive or misleading. *See Altman v. J.C. Christensen & Assocs., Inc.*, 786 F.3d 191 (2d Cir. 2015); *Daugherty v. Convergent Outsourcing, Inc.*, Civil Action No. H-14-3306, 2015 WL 3823654 (S.D. Tex. June 18, 2015), *rev'd on other grounds*, 836 F.3d 507 (5th Cir. 2016); *Rigerman v. Forster & Garbus, LLP*, No. 14-CV-1805, 2015 WL 1223760 (E.D.N.Y. Mar. 16, 2015); *Landes v. Cavalry Portfolio Servs.,*

---

[4] The Tenth Circuit has not expressly adopted this standard but has utilized it in unpublished decisions. *See*, *e.g.*, *Fouts v. Express Recovery Servs., Inc.*, 602 F. App'x 417, 421 (10th Cir. 2015). The Seventh Circuit has adopted a modified "unsophisticated consumer" test. *See Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). The Fifth Circuit has declined to choose between the two standards, finding the difference between them "is de minimis at most." *See Peter v. G.C. Servs. L.P.*, 310 F.3d 344, 349 n.1 (5th Cir. 2002); *see also Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 511 n.2 (5th Cir. 2016).

[5] Plaintiff insists that the focus of his claim is deception, and not a failure to provide tax advice. However, he concedes (albeit in a footnote of his brief) that the way for a debt collector to avoid the alleged deception would be to provide a disclaimer alerting the debtor to possible tax consequences of settling a preexisting debt. *See* Pl.'s Resp. Br. [Doc. No. 34] at 18, n.2.

6

*LLC*, 774 F. Supp. 2d 800 (E.D. Va. 2011); *Schaefer v. ARM Receivable Mgmt., Inc.*, Civil Action No. 09-11666-DJC, 2011 WL 2847768 (D. Mass. July 19, 2011).[6]

The Second Circuit emphasized in *Altman* that the debt collector's letter offered a savings to the consumer based on the "outstanding account balance." *See Altman*, 786 F.3d at 194. The court of appeals concluded: "The fact that a debtor may then have to pay tax on the amount saved is simply not deceptive in the context of what the savings are on a debtor's 'outstanding account balance.'" *Id.* The Second Circuit cited approvingly in *Altman* a district court's view that "'requiring, as a matter of law, debt collectors to inform a debtor of such a potential collateral tax consequence of settling a pre-existing debt seems far afield from even the broad mandate of FDCPA to protect debtors from abusive debt collection practices.'" *Id.* (quoting *Schaefer*, 2011 WL 2847768 at *5).

Similarly, in this case, the Court finds that a reasonable reading of Defendant's first, third and fifth letters is that they conveyed offers to compromise and settle the debt on terms that would result in a certain amount of savings to Plaintiff based on the outstanding account balance. The fact that Plaintiff might owe income tax on the amount saved (as alleged in his pleading), or that an unsophisticated consumer might be unaware of the tax consequences of forgiven debt, simply does not make representations of savings from the

---

[6] The only opinion favorable to Plaintiff on the issue is *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 220 (N.D.N.Y. 2010), where the district court found that a debt collector's offer to discount or forgive part of a debt "may constitute a deceptive or misleading collection practice by failing to warn the consumer that the amount forgiven could affect his tax status." Even this decision is now in doubt because the Second Circuit, whose decisions are binding on the district court that decided *Ellis*, has declared the opinion to be "unpersuasive." *See Altman*, 786 F.3d at 194. The Fifth Circuit did not reach the issue in *Daugherty* because the plaintiff did "not appeal from the rejection of her tax-consequences claim." *Daugherty*, 853 F.3d at 510 n.1.

outstanding balance false, deceptive, or misleading. Further, Plaintiff's reading of the letters – as possibly making a representation of net savings after considering income taxes – "is objectively unreasonable under the least sophisticated consumer standard[;] it cannot form the basis for a FDCPA claim." *Id.*

Federal appellate courts have unanimously held that debt collectors are not responsible for "'bizarre or idiosyncratic interpretations of debt collection letters.'" *Id.* at 194 (quoting *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2005)); *see Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011); *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993, 997 (3d Cir. 2011); *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009); *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 438 (6th Cir. 2008); *Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1055 (8th Cir. 2002); *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 136 (4th Cir. 1996); *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). Plaintiff's reading of Defendant's offer letters as misrepresenting a potential net savings after income taxes is an idiosyncratic one, and cannot support a § 1692e claim.

Therefore, the Court finds that Defendant is entitled to a judgment as a matter of law on Plaintiff's § 1692e claim based on Defendant's statements of an "Amount You Save" in its first, third and fifth letters.

### 2. Settlement Offers Creating a Sense of Urgency

Plaintiff also claims that Defendant's first, third and fifth letters violate § 1692e because statements encouraging him to act promptly and setting deadlines to accept the

settlement offer created a "false sense of urgency" when, in fact, Defendant was prepared to make additional offers.  *See* Pl.'s Resp. Br. Br. [Doc. No. 34] at 13, 20-22.  Plaintiff relies on three cases for the proposition that a collection letter containing a settlement offer is deceptive and misleading when it conveys a false sense of urgency and finality.  *See* Pl.'s Resp. Br. [Doc. No. 34], citing *Goswami v. Am. Collections Enter., Inc.*, 377 F.3d 488, 495-96 (5th Cir. 2004); *Gully v. Van Ru Credit Corp.*, 381 F. Supp. 2d 766, 772-73 (N.D. Ill. 2005); *Dupuy v. Weltman, Wienberg & Reis Co.*, 442 F. Supp. 2d 822, 828-29 (N.D. Cal. 2006).[7]  None of these cases supports the existence of a FDCPA claim based on Defendant's letters in this case.

A lead case on this issue, *Goswami*, held that a debt collector's letter containing a settlement offer violates § 1692e if it contains a false or misleading statement that makes it appear to an unsophisticated consumer that the particular offer extended in the letter "was a one-time, take-it-or-leave-it offer."  *Goswami*, 377 F.3d at 495.  The Fifth Circuit explained its decision as follows:

> The letter states, falsely, that "*only during the next 30 days*, will our client agree to settle your outstanding balance due with a thirty (30%) percent discount off your above balance owed." (Emphasis added).  In actual fact, [the creditor] had authorized the [debt collector] to give debtors such as Goswami a 30% discount *at any time*, not just for the a period of thirty days.  In fact, [the debt collector] was authorized to offer a 50% discount at the time Goswami received the collection letter in question.  The statement in the collection letter is untrue and makes it appear that [the creditor's] offer of a 30% discount was a one-time take-it-or-leave-it offer that would expire in thirty days.

---

[7]  Oddly, the district court decisions cited by Plaintiff held that the consumer <u>failed</u> to state an FDCPA claim because the language in the debt collectors' letters offering to settle the debt did not create a false sense of urgency or finality.  *See Gully*, 381 F. Supp. 2d at 772; *Dupuy*, 442 F. Supp. 2d at 829.

*Id.* The court concluded that the debt collector "made false or misleading statements about the settlement authority it held . . . both in the discount it was authorized to offer and the time within which [the debtor] was allowed to accept the offer." *Id*. at 496. The court found that such "deception is actionable under the FDCPA." *Id*.

Courts following this guidance have found the actionable statement in *Goswami* to be distinguishable from other settlement offers, namely, "where a settlement offer of limited duration is unaccompanied by any language implying that the offer is a one-time offer." *See Dupuy*, 442 F. Supp. 2d at 828. A non-actionable settlement offer may be made by "'a letter stating that the *current offer* is subject to expiration without indicating anything about the possibility of future offers.'" *Id*. at 829 (quoting *Hernandez v. AFNI, Inc*., 428 F. Supp. 2d 776, 781 (N.D. Ill. 2006); emphasis added in *Dupuy*). As a general rule, "a settlement offer that states the proposed discount and the length of the offer, but does not expressly nor implicitly indicate that no other offer will be made, passes muster even though future more favorable terms are likely." *Gully*, 381 F. Supp. 2d at 772.

Plaintiff points to no statement in Defendant's letters that could reasonably be read to imply that no other offer would be made. Plaintiff complains of statements referring to each settlement offer as a "limited-time offer," warning him not to "miss out on this special opportunity," and setting a deadline to reply. *See* Pl.'s Resp. Br. [Doc. No. 34] at 21; *see also* First Am. Compl., ¶¶ 23, 78 & Ex. A [Doc. No. 27-1]. Read in the context of the letters, however, these statements conveyed that Defendant's offer provided Plaintiff an opportunity to settle his increasing debt to Sallie Mae, Inc. for a specific amount within a

certain time period. Here, as in *Gully*, "[D]efendant never asserted or implied that this was the plaintiff's only opportunity to settle" nor misrepresented its settlement authority. *See Gully*, 381 F. Supp. 2d at 772. Further, Defendant did not falsely represent each offer as a "special opportunity" because "debt collectors are not obligated to make these settlement offers, and debtors are not entitled to receive them." *Id.* at 773.

In short, Defendant's first, third and fifth letters did not contain false, misleading, or deceptive statements creating a false sense of urgency or finality regarding the settlement offers. Therefore, Defendant is entitled to a judgment as a matter of law on Plaintiff's § 1692e claim on this basis.

### 3. Misstating the Deadline to Accept a Settlement Offer

Defendant's first letter extended an illusory settlement offer in that the deadline for acceptance preceded the letter; the letter was dated was April 30, 2014, and it contained a "Reply By" date of April 29, 2014. *See* First Am. Compl., Ex. A [Doc. No. 27-1]. Plaintiff asserts that this apparent misprint was deceptive and misleading, and thus violated § 1692e. He argues that the error "could confuse the least sophisticated consumer as to his options," or how long he had to accept the offer, or "how to proceed" in light of the expired deadline. *See* Pl.'s Resp. Br. [Doc. No. 34] at 23-24.

Defendant persuasively argues that the "Reply By" date stated in the first letter was obviously a misprint and even the least sophisticated consumer could not reasonably conclude that Defendant intended to make a settlement offer with an expired deadline. This is certainly a plausible reading of the letter, but it remains possible that an unsophisticated consumer would be confused by the misprint. Any consumer receiving the first letter

would be left to wonder about a material term of the offer, that is, the deadline for acceptance.  Defendant did nothing to correct the error but, instead, sent a second letter less than thirty days later on May 22, 2014.  The second letter did not reference the first letter or any outstanding settlement offer; it simply stated that Defendant was "authorized to settle [Plaintiff's] account for something less than the balance in full" and asked him to contact Defendant "to discuss this offer."  *See* First Am. Compl., Ex. B [Doc. No. 27-2]. This letter did not suggest any settlement terms or any time limit; it merely extended an open invitation to resolve the debt.

Defendant attempts to support its position that an obvious misprint in the first letter cannot, as a matter of law, be actionable under § 1692e by citing cases that have no applicability under the circumstances of this case.   *See* Def.'s Mot. & Br. [Doc. No. 29] at 11 (citing *Forman v. Acad. Collection Serv., Inc.*, 388 F. Supp. 2d 199, 205 (S.D.N.Y. 2005), and *LeBlanc v. Unifund CCR Partners, G.P.*, 552 F. Supp. 2d 1327, 1340 (M.D. Fla. 2008)).[8]  *Forman* involved the dismissal of a claim under § 1682e(11), which requires a debt collection letter to include certain disclosures; one of the plaintiff's letters contained a misprint that dropped a line of text and resulted in an unintelligible sentence.  The district court held that when read in its entirety, the letter conveyed a sufficient disclosure to satisfy the statute.[9]  *LeBlanc* involved a summary judgment ruling that found, in part, no § 1692d

_____

[8] *LeBlanc* was reversed on appeal, but the reversal did not affect the part of the summary judgment ruling that was unfavorable to the plaintiff, who did not appeal. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1189 n.8 (11th Cir. 2010).

[9] The court also noted that the debt collector could have asserted a bona fide error defense under § 1692k(c).

violation occurred when a debt collection letter contained typographical errors regarding the creditor; the errors did not prevent the plaintiff from identifying the credit card debt at issue and so did not result in confusion.

Upon consideration of the pleadings, the parties' arguments, and the governing standard of decision, the Court cannot say that Defendant has clearly established its entitlement to a judgment as a matter of law on Plaintiff's claim that the first letter contained a false or misleading statement that was material to his consideration of the offer.[10] The letter purported to make a time-sensitive settlement offer but did so using a false and arguably misleading deadline that might cause an unsophisticated consumer to believe that Defendant's settlement offer was not available to him. Therefore, the Court finds that Plaintiff's § 1692e claim on that basis should not be dismissed.

### 4. Sending a Collection Letter Prior to the Deadline to Respond to a Settlement Offer

Plaintiff claims that the third letter, which renewed the first settlement offer but had a reply date of June 30, 2014, combined with a fourth letter dated June 22, 2014, was a deceptive or misleading means to collect a debt. Like the first and second letters, discussed *supra*, Defendant followed the third letter – containing a specific, limited-time settlement offer – by sending a letter that did not reference the outstanding offer but simply urged Plaintiff to contact Defendant to discuss settlement options. Plaintiff claims that sending

---

[10] In *Deporter v. Credit Bureau of Carbon County*, No. 14-cv-00882-KMT, 2015 WL 1932336 (D. Kan. April 28, 2015), the district court found that a clerical error in a receipt for a consumer's payment of a debt was not a material misrepresentation because the parties had already settled the debt. The court observed that a false statement must be material to be actionable and "a false statement is material if it would impact the least sophisticated consumer's decisions with respect to the debt." *Id.* at *8 (citing cases).

this letter before the deadline to respond to the specific offer resulted in confusion as to the status of the outstanding offer.

Defendant contends the third and fourth letters are consistent because the fourth letter merely provided a current statement of the outstanding balance of the account, which was accruing interest, and reaffirmed a willingness to settle the debt. Defendant also contends the letters were not confusing because nothing in the fourth letter suggests the offer extended in the third letter was no longer available. Defendant urges the Court to find as a matter of law that even the least sophisticated consumer would not be confused by "overlapping proposals" and changing settlement offers, based on an allegedly similar holding in *Johnson v. AMO Recoveries*, 427 F. Supp. 2d 953, 956 (N.D. Cal. 2005). *See* Def.'s Mot. & Br. [Doc. No. 29] at 12-13.

*Johnson* involved a series of letters from a debt collector, two of which made different settlement offers less than two weeks apart. A letter dated September 2, 2004, "offer[ed] to accept 60% as settlement in full on the above mentioned account," and stated: "This settlement offer shall be null and void if not received by 09-20-04." *Johnson*, 427 F. Supp. 2d at 954 (internal quotation omitted). Another letter dated September 14, 2004, offered to "accept 50% as settlement in full" and stated: "This settlement offer shall be null and void if not received by [sic]." *Id.* It did not contain a date for acceptance.[11] The consumer claimed that the September 2 letter misrepresented the deadline to accept the

---

[11] A subsequent letter in October 2004 merely stated that the debt collector was authorized to settle for a reduced amount and invited the debtor to call for details, like the second and fourth letters in this case.

60% settlement offer; the September 14 letter showed the offer did not actually expire on September 20 because the debt collector would have accepted that amount, or even less, after that date. The plaintiff relied on *Goswami* to support his claim.

Finding *Goswami* to be distinguishable, the district court rejected the plaintiff's position, reasoning as follows:

> Even "the least sophisticated debtor" is capable of understanding that parties frequently strike deals through the course of several overlapping proposals and that the terms of these offers may change with time. . . . In fact, it seems perfectly logical that [the defendant] would be willing to accept less money as days passed and it became clear that [the plaintiff] did not intend immediately to accept the September 2 offer. Thus, there is nothing "false" about presenting [the plaintiff] with two options: either (1) paying 60% by September 20 or (2) paying 50% after September 14.

*Id*. at 956 (citation omitted). The court also rejected a contention that the defendant's letters created a false sense of urgency because "[i]f anything, [the letters] conveyed the message that [the defendant] would offer [the plaintiff] increasingly favorable terms the longer he waited." *Id*. at 957. [12]

In this case, unlike *Johnson*, Defendant did not extend two overlapping settlement offers, following one specific offer with another better offer. The outcome in *Johnson* is understandable when one considers the requirement that a misleading statement must be material. *See supra* note 10. It is not reasonable to expect the receipt of a better settlement

---

[12] The Court notes that the *Johnson* court agreed with the view of other district courts that have taken a limited view of *Goswami*, including *Headen v. Asset Acceptance, L.L.C.*, 383 F. Supp. 2d 1097 (S.D. Ind. 2005). The decision in *Headen* was later abrogated by *Evory v. RJM Acquisitions Funding, LLC*, 505 F.3d 769, 778 (7th Cir. 2007) (reversing *Headen v. v. Asset Acceptance, L.L.C.*, 458 F. Supp. 2d 768 (S.D. Ind. 2006)). The Seventh Circuit held in *Evory* that the misleading or deceptive nature of some settlement offers cannot be determined as a matter of law. The parties in this case do not address the underlying concerns discussed in *Evory* and other Seventh Circuit cases so the Court does not consider them.

offer within the deadline to respond to a prior offer would cause a consumer to accept the first, allegedly misleading one. Further, with due respect for the view of the district court in *Johnson*, this Court is unconvinced that an unsophisticated consumer would understand a debt collector's settlement negotiation tactics or, in this case, know that a deadline to respond to a specific offer was not a real deadline.

For these reasons, the Court finds that Defendant has failed to establish its entitlement to a judgment as a matter of law on Plaintiff's § 1692e claim based on the timing of Defendant's third and fourth letters.

## B. Violation of § 1692f - Use of Unfair or Unconscionable Means

Similar to Plaintiff's § 1692e claim regarding the "Amount You Save" statements in the first, third and fifth letters, "Plaintiff claims Defendant violated § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt, by implying that Plaintiff could save money by entering into a settlement agreement without informing Plaintiff that such settlement would result in additional tax liability." *See* First Am. Comp. [Doc. No. 27], ¶ 83. Plaintiff's only argument in support of this claim is based on a general proposition that "'[t]he plain meaning of 'unfair' [for purposes of § 1692(f)] is marked by injustice, partiality, or deception.'" *See* Pl.'s Resp. Br. [Doc. No. 34] at 11 (quoting *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1199 (11th Cir. 2010)). Also, after attempting to distinguish the arguments and authorities regarding debt collectors' settlement offers, discussed *supra*, Plaintiff makes a bare assertion that "a reasonable jury could conclude that the failure to disclose tax consequences represents an unfair or unconscionable means of collecting debt." *See id.* at 20.

The Court finds these vague and conclusory arguments by Plaintiff to be insufficient to demonstrate a plausible claim under §1692f. For the same reasons that Plaintiff's allegations in support of a § 1692e claim are insufficient, Plaintiff's assertion of a § 1692f claim based on Defendant's representations of an "Amount You Save" through settlement fails as a matter of law.

The Court therefore finds that Defendant is entitled to a judgment as a matter of law on Plaintiff's § 1692f claim.

## Conclusion

For these reasons, the Court finds the First Amended Complaint is insufficient to state a claim for relief under § 1692f, but Plaintiff's allegations are minimally sufficient to state a claim that Defendant violated § 1692e, as set forth herein.

IT IS THEREFORE ORDERED that Defendant's Motion for Judgment on the Pleadings [Doc. No. 29] is GRANTED in part and DENIED in part.

IT IS SO ORDERED this 30th day of March, 2017.

 

 

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE